UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammadali Babazadehnamini,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc.,<br><br>Defendant. | Case No. 2:21-cv-06703-VAP-(ADSx)<br><br>**Order DENYING<br>Motion to Remand (Dkt. 13)** |

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Mohammadali Babazadehnamini ("Plaintiff") on September 17, 2021.  (Dkt. 13).  Defendant Toyota Motor Sales ("Defendant") filed its Opposition on October 28, 2021.  (Dkt. 14).  The Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15.  After considering all papers filed in support of, and in opposition to, the Motion, the Court **DENIES** Plaintiff's Motion.

## I.  BACKGROUND

Plaintiff filed this action in the Los Angeles Superior Court on July 14, 2021, asserting claims for breach of written warranty under the federal Magnuson-Moss Warranty Act ("MMWA"), breach of implied warranty under the MMWA, and two violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act").  (Dkt. 1-1, Ex. A).  Plaintiff's claims arise

1

out of his purchase of an allegedly defective 2020 Toyota Tundra (the "Vehicle"). (Dkt.1-1, Ex. A). Defendant removed the action to this Court on August 18, 2021, based on federal question jurisdiction arising under the MMWA. (Dkt. 1, ¶ 6); 15 U.S.C. § 2301. Plaintiff then filed this Motion, challenging Defendant's allegations as to the existence of jurisdiction. (*See* Dkt. 13).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which the federal courts could exercise their original jurisdiction. A district court has federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 25 U.S.C. § 1333.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A defendant "always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.  DISCUSSION

Although Plaintiff contends that Defendant fails to show that the amount in controversy meets the $75,000 threshold necessary for diversity jurisdiction, (Dkt. 13-2), the Court notes Defendant based its Notice of Removal on federal question jurisdiction under MMWA.  (Dkt. 1-2).  The Court thus considers the amount of controversy under the MMWA.

### A.  Amount in Controversy

The MMWA creates federal question jurisdiction only when the amount in controversy exceeds "$50,000 (exclusive of interests and costs computed on the bases of all claims to be determined in the suit.)"  15 U.S.C. § 2310(d)(3)(B); see also *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005) ("[T]he Magnuson–Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty . . . ."); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("Th[e] provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law . . . .").  A defendant who removes an action to federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*).

Here, although Plaintiff argues Defendant fails to show by a preponderance of the evidence that the amount in controversy exceeds both $75,000 and $50,000 (Dkt. 13-2), Defendant met its burden of showing that the amount in controversy is at least $50,000.

1. Actual Damages

As the MMWA is silent on the question of remedies, courts "turn[ ] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy."  See *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *see also Reniger* v. *Hydundai Motor America*, 122 F. Supp. 3d 888, 906 (N.D. Cal. 2015); *Hastings* v. *Ford Motor Company*, 495 F. Supp. 3d 919, 924 (S.D. Cal. 2020).

Here, Plaintiff asserts two claims under California's Song-Beverly Act, (Dkt. 1-1), and thus the Court calculates the jurisdictional threshold under these claims.  *See Romo*, 397 F. Supp. 2d at 1239.

Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset").  *Id.*  To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction, the denominator of which is 120,000, and the numerator the

number of miles the buyer drove the car before the first relevant repair. *Id.* This calculation provides the actual damages that Plaintiff suffered.

The lease agreement for the Vehicle here lists the total amount payable as $21,889.08. (Dkt. 1-1, Ex. A)  The lease agreement further indicates Plaintiff paid a $3,000 lump sum as a down payment for the Vehicle. (*Id.*)  Accordingly, the total price for the Vehicle is $24,889.08.  The Court adopts Defendant's mileage offset of $974.61. (Dkt. 1-1) ("$974.61 calculated as follows: (5,354-11)/120,000 x $21,998.08").  The Court thus estimates the amount of restitution available to Plaintiff under the Song-Beverly Act to be $24,889.08 minus the mileage offset of $974.61, or $23,914.47.

2. Civil Penalty

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages.  Cal. Civ. Code §§ 1794(c).

Here, Plaintiff's third claim alleges that Defendant "willfully violated the provisions of [the Song-Beverly Act] by knowing of its obligations to refund or replace Plaintiff's vehicle but failing to do so." (Dkt. 1-1).  Plaintiff also asked for judgment in the form of a "civil penalty pursuant to Cal. Civ. Code § 1974(c)." (*Id.*).  As the amount of actual damages available under the Song-Beverly Act to Plaintiff is $23,914.47, the maximum available civil

penalty is twice that amount, or $47,828.94. Accordingly, the sum of the restitution and civil penalty amounts in controversy is $71,743.41.

The Court therefore finds that the $50,000 jurisdictional requirement under the MMWA is satisfied. *See Carlos v. Jaguar Land Rover North America, L.L.C.*, No. 19-1318 GW (FFMx), 2019 WL 2068465, at *3 (C.D. Cal. May 10, 2019) (denying a plaintiff's motion to remand when the plaintiff brought claims under the MMWA, and the plaintiff sought a "refund of the full purchase price of the vehicle" and a civil penalty under California Civil Code § 1794(c)); *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-0242 BAS (MSBx), 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination").

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: 11/17/21

Virginia A. Phillips
United States District Judge